IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| THOMAS F. UPDEGROVE, JR. | : | BANKRUPTCY NO. 24-10637(PMM) |
| | : | |
| Debtor | : | |
| | : | |
| CHRISTINE C. SHUBERT, in her capacity as the Chapter 7 Trustee for the Estate of THOMAS F. UPDEGROVE, JR. | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | ADVERSARY NO. 24- |
| | : | |
| TRANSAMERICA LIFE INSURANCE COMPANY | : | |
| | : | |
| Defendant | : | |

**COMPLAINT OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE,
FOR TURNOVER OF PROPERTY OF THE DEBTOR'S
ESTATE PURSUANT TO 11 U.S.C. § 542**

Christine C. Shubert, Chapter 7 Trustee (the "Trustee" or the "Plaintiff") for the estate of Thomas F. Updegrove, Jr. (the "Debtor"), brings this complaint (the "Complaint"), pursuant to Fed. R. Bankr. P. 7001, for turnover of the Insurance Proceeds (as defined below) as property of the Debtor's estate pursuant to 11 U.S.C. § 542 and respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a).

2. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (E), and (0).

3. Venue of this adversary proceeding is properly in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") pursuant to 28 U.S.C. §

1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. By this adversary proceeding, the Trustee seeks turnover from the Defendant (as defined below) of the Insurance Proceeds to the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 542.

## PARTIES

5. Plaintiff is Christine C. Shubert, the Chapter 7 Trustee for the Debtor's estate.

6. Defendant, Transamerica Life Insurance Company (the "Defendant"), is an entity which maintains a principal place of business at 6400 C Street SW, Cedar Rapids, IA 52499.

## FACTUAL BACKGROUND

**A.     Bankruptcy and Procedural Background.**

7. On February 27, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

8. On March 1, 2024, the Office of the United States Trustee appointed Christine C. Shubert as Chapter 7 Trustee of the Debtor's estate, which appointment remains in effect.

**B.     Insurance Proceeds Owed to the Bankruptcy Estate.**

9. The Debtor's mother, Anna B. Updegrove, was the insured and contract owner of a term insurance policy with the Defendant at Contract No. 010xr65262 (the "Insurance Policy").

10. The Debtor is one of the beneficiaries of the Insurance Policy.

11. Ms. Updegrove passed away on November 24, 2023. Ms. Updegrove's Local Registrar's Certification of Death is attached hereto as Exhibit "A" and made a part hereof.

12. As a result, the Debtor's bankruptcy estate is entitled to the proceeds of the Insurance Policy (the "Insurance Proceeds").

13. Upon information and belief, there may be additional insurance policies with the Defendant insuring the life of Ms. Updegrove.

## COUNT ONE
### (Turnover of Insurance Proceeds Pursuant to 11 U.S.C. § 542)

14. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

15. Section 541 of the Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." *See*, 11 U.S.C. § 541(a)(1).

16. The Insurance Proceeds are property of the Debtor's bankruptcy estate under Section 541 because they constitute a "legal or equitable interest of the debtor in property as of the commencement of the case." As such, the Insurance Proceeds are subject to turnover pursuant to 11 U.S.C. § 542.

17. Section 542 of the Bankruptcy Code gives a trustee the power to seek turnover of all property of the Debtor's estate:

> An entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

*See*, U.S.C. § 542.

18. Further, Section 542 of the Bankruptcy Code requires that an entity in possession of property of a debtor's estate deliver such property to the trustee, and account for such property or the value related thereto.

19. The Insurance Proceeds are property of the Debtor's bankruptcy estate pursuant to Section 541.

3

20. The Defendant is in possession, custody, and/or control of the Insurance Proceeds.

21. The Insurance Proceeds are valuable and beneficial to the Debtor's bankruptcy estate.

22. Turnover of the Insurance Proceeds is appropriate pursuant to 11 U.S.C. § 542.

23. Accordingly, the Insurance Proceeds are property of the Debtor's estate under 11 U.S.C. § 541 and subject to turnover to the Trustee pursuant to 11 U.S.C. § 542.

24. The Declaration of the Plaintiff in Support of this Complaint is attached hereto as Exhibit "B" and made a part hereof.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Trustee respectfully requests that the Bankruptcy Court enter judgment in her favor and against the Defendant:

(a) declaring that the Insurance Proceeds are property of the Debtor's bankruptcy estate under 11 U.S.C. § 541, finding that the Insurance Proceeds are subject to turnover pursuant to 11 U.S.C. § 542, and directing the turnover of the Insurance Proceeds (and all other insurance proceeds owed to the Debtor's bankruptcy estate) to the Trustee immediately in accordance with 11 U.SC. § 542;

(b) compelling the Defendant to provide an accounting of the Insurance Proceeds;

(c) awarding pre- and post-judgment interest on the Insurance Proceeds;

(d) awarding attorneys' fees and costs; and

(e) awarding the Trustee such other and further relief as may be just and proper.

**Respectfully submitted,**

**KARALIS PC**

By:  /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Counsel for the Plaintiff/Trustee*

Dated: May 2, 2024

# **EXHIBIT "A"**

# LOCAL REGISTRAR'S CERTIFICATION OF DEATH

**WARNING: It is illegal to duplicate this copy by photostat or photograph.**

Fee for this certificate: $20.00

This is to certify that the information here given is correctly copied from an original Certificate of Death duly filed with me as Local Registrar. The original certificate will be forwarded to the State Vital Records Office for permanent filing.

**P 30011136**
Certification Number

Local Registrar

Date Issued: NOV 29 2023

**COMMONWEALTH OF PENNSYLVANIA • DEPARTMENT OF HEALTH • VITAL RECORDS**

## CERTIFICATE OF DEATH

State File Number: 421947-2023

| Field | Value |
|---|---|
| 1. Decedent's Legal Name | Anna B Updegrove |
| 2. Sex | Female |
| 3. Social Security Number | 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 |
| 4. Date of Death | November 24, 2023 |
| 5a. Age-Last Birthday | 98 |
| 6. Date of Birth | May 12, 1925 |
| 7a. Birthplace | Washington County, Pennsylvania |
| 7b. Birthplace (County) | Berks |
| 8a. Residence (State) | Pennsylvania |
| 8b. Residence (Street and Number) | 800 Hill Church Road |
| 8c. Did Decedent Live in a Township? | Yes, decedent lived in Boyertown twp. |
| 8d. Residence (County) | Berks |
| 8e. Residence (Zip Code) | 19512 |
| 9. Ever in US Armed Forces? | No |
| 10. Marital Status at Time of Death | Widowed |
| 12. Father/Parent's Name | William Gehman |
| 13. Mother/Parent's Name Prior to First Marriage | Perma Graber |
| 14a. Informant's Name | Christine Drobek |
| 14b. Relationship to Decedent | Great Granddaughter |
| 14c. Informant's Mailing Address | 6 Walnut Avenue Temple, PA 19560 |
| 15. Place of Death | Decedent's Home |
| 15b. Facility Name | 800 Hill Church Road |
| 15c. City or Town, State, and Zip Code | Boyertown, Pennsylvania 19512 |
| 15d. County of Death | Berks |
| 16a. Method of Disposition | Burial |
| 16b. Date of Disposition | December 01, 2023 |
| 16c. Place of Disposition | Fairview Cemetery (Boyertown) |
| 16d. Location of Disposition | Boyertown, Pennsylvania 19512 |
| 17a. Signature of Funeral Service Licensee | Randall S Morrell (Electronically Signed) |
| 17b. License Number | FD013351L |
| 17c. Name and Complete Address of Funeral Facility | Morrell Funeral Home Inc, 124 W Philadelphia Avenue Boyertown, Pennsylvania 19512 |
| 18. Decedent's Education | 8th grade or less |
| 19. Decedent of Hispanic Origin | No, not Spanish/Hispanic/Latino |
| 20. Decedent's Race | White |
| 21. Decedent's Single Race Self-Designation | White |
| 22a. Decedent's Usual Occupation | Machine operator |
| 22b. Kind of Business/Industry | Manufacturing |
| 23a. Date Pronounced Dead | November 24, 2023 |
| 23b. Signature of Person Pronouncing Death | Susan Shirey RN |
| 23c. License Number | RN528916L |
| 23d. Date Signed | November 24, 2023 |
| 24. Time of Death | 12:40 PM |
| 25. Was Medical Examiner or Coroner Contacted? | No |

### CAUSE OF DEATH

26. Part I. Enter the chain of events...

| Cause | | Approximate Interval Onset to Death |
|---|---|---|
| IMMEDIATE CAUSE | a. Congestive Heart Failure | 2 years |
| | b. | |
| | c. | |
| UNDERLYING CAUSE | d. | |

26. Part II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I:
Pulmonary Fibrosis Chronic Obstructive Pulmonary Disease COVID pneumonia

| Field | Value |
|---|---|
| 27. Was autopsy performed? | No |
| 28. Were autopsy findings available to complete the cause of death? | (blank) |
| 30. Did Tobacco Use Contribute to Death? | Probably |
| 31. Manner of Death | Natural |

39a. Certifier: Certifying only — To the best of my knowledge, death occurred due to the cause(s) and manner stated.

Signature of certifier: Joanne T Connaughton (Electronically Signed)  Title of certifier: MD  License Number: MD043655E

39b. Name, Address and Zip Code of Person Completing Cause of Death (Item 26): Joanne Connaughton, 1 W Philadelphia Avenue Boyertown, Pennsylvania 19512

39c. Date Signed: November 27, 2023

40. Registrar's District Number: 46-432

41. Registrar's Signature: LindaSue McBeedy (Electronically Signed)

42. Registrar File Date: November 28, 2023

43. Amendments:

H105-143
REV 11/2017-E

# EXHIBIT "B"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| THOMAS F. UPDEGROVE, JR. | BANKRUPTCY NO. 24-10637(PMM) |
| Debtor | |
| CHRISTINE C. SHUBERT, in her capacity as the Chapter 7 Trustee for the Estate of THOMAS F. UPDEGROVE, JR. | |
| Plaintiff | |
| v. | ADVERSARY NO. 24- |
| TRANSAMERICA LIFE INSURANCE COMPANY | |
| Defendant | |

**DECLARATION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, IN SUPPORT OF THE COMPLAINT OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, FOR TURNOVER OF PROPERTY OF THE DEBTOR'S ESTATE PURSUANT TO 11 U.S.C. § 542**

The undersigned hereby swears and affirms pursuant to 28 U.S.C. § 1746 that the following information is true and correct to the best of my knowledge, information and belief:

1. I am the Chapter 7 Trustee of the above-referenced bankruptcy estate.

2. On May 2, 2024, I filed the Complaint of Christine C. Shubert, Chapter 7 Trustee, for Turnover of Property of the Debtor's Estate pursuant to 11 U.S.C. § 542 (the "Complaint").

3. I reviewed the Complaint prior its filing with the Court.

4. All of the facts and averments set forth in the Complaint are true and correct and I offer these facts and averments in support of the relief sought in the Complaint.

5. I declare under penalty of perjury that the foregoing is true and correct.

                                                              /s/ Christine C. Shubert
                                                              Christine C. Shubert,
Dated: May 2, 2024                                 Chapter 7 Trustee